# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| TIANA M. SANDERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 19-2831-TLP-tmp |
| | ) | |
| FEDEX EXPRESS INC. et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AUTHORIZING PLAINTIFF TO FILE AN AMENDED COMPLAINT

Before the court is Tiana Sanders' *pro se* complaint against FedEx Express Inc., Joseph R. Slager, Rachael L. Kirkpatrick, Christi C. Free, and Patrick H. Whalen. (ECF No. 1.) Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination or report and recommendation, as appropriate. For the reasons below, the court *sua sponte* authorizes Sanders to amend her complaint to resolve certain deficiencies.

## I. BACKGROUND

Sanders filed this complaint *pro se* on December 3, 2019. (ECF No. 1.) The court granted her motion to proceed *in forma pauperis* on December 16, 2019. (ECF No. 7.) Sanders, an African-American woman, brings suit against various defendants under Title VII and

"[d]efamation of character, [u]nlawful termination, [w]histleblower, [h]umilation and [m]ental [a]nguish." 42 U.S.C. §§ 2000e-2000e17. Using a form provided by the Clerk's office to assist *pro se* litigants asserting employment discrimination claims, Sanders checked boxes alleging termination of her employment, failure to promote, unequal terms and conditions of employment, and retaliation. In a box for indicating other adverse employment actions that may have been taken against a litigant, Sanders alleged "[d]isparate treatment [and] blacklisting." Using a similar set of boxes in another portion of the form, Sanders marked discrimination based on her race, color, and sex. In the section of her complaint devoted to the facts of the case, Sanders wrote nothing. The complaint contains no other allegations related to purported discrimination by the defendants.

## II.  RELEVANT LAW

### A.  Standard of Review

This court is required to screen *in forma pauperis* complaints and must dismiss any complaint, or any portion thereof, if the action: (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i-iii).

To avoid dismissal for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as true, to state

a claim to relief that is plausible on its face.'" Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)); see also Fed. R. Civ. P. 12(b)(6). "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Center for Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 369 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 678). Without factual allegations in support, mere legal conclusions are not entitled to the assumption of truth. Iqbal, 556 U.S. at 679.

*Pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers, and are thus liberally construed. Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011). Even so, *pro so* litigants must adhere to the Federal Rules of Civil Procedure, see Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989), and the court cannot create a claim that has not been spelled out in a pleading. See Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011); Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003).

**B. Required Form of Pleadings**

Title VII makes it "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race [or] gender . . . ."

42 U.S.C. § 2000e-2(a)(1). Title VII also prohibits discrimination against any individual who "has opposed any act or practice made unlawful" by the statute and prohibits discrimination against any individual who has "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing" under the statute. 42 U.S.C. § 2000e-3(a).

Plaintiffs suing under federal antidiscrimination law are obliged to follow the pleading requirements outlined in the Federal Rules of Civil Procedure. Smith v. Wrigley Mfg. Co., LLC, 749 F. App'x 446, 449 (6th Cir. 2018). This means, among other things, that a complaint consisting of "naked recitations of the elements" of an antidiscrimination claim "unenhanced by specific facts" fails to state a claim upon which relief can be granted. Id. at 448. Sanders alleges essentially no facts about her employment discrimination claim. This does not meet the plausibility pleading standard required by the Federal Rules. Iqbal, 556 U.S. at 678. To state a claim, Sanders needs to allege facts that would plausibly support the inference that she was discriminated against in violation of Title VII.

These rules are not a mere technicality. The purpose of notice pleading is twofold: (1) to allow a person who is being sued to understand why he or she is being sued and (2) to give that person an opportunity to respond. See Twombly, 550 U.S. at 555 (2007) (Notice pleading exists "in order to give the defendant fair notice

of what the claim is and the grounds upon which it rests." (internal citations and modifications omitted)); Fed. R. Civ. P. 8(b) (requiring a party filing an answer to "admit or deny the allegations asserted against it by an opposing party."). Notice, followed by a meaningful opportunity to be heard, is the core of due process. LaChance v. Erickson, 522 U.S. 262, 266 (1998). A complaint that fundamentally fails to comply with these rules cannot give adequate notice to a defendant of why the defendant is being sued. Similarly, it is impracticable for a defendant to respond to a complaint that does not comply with these rules in a meaningful fashion.

The court is aware that it can be difficult for non-lawyers to write documents that comply with the Federal Rules. But the court is not free to ignore the rules because of a plaintiff's *pro se* status. However, the court is permitted to allow a plaintiff to file an amended complaint to cure a pleading deficiency. LaFountain v. Harry, 716 F.3d 944, 951 (6th Cir. 2013). The court elects to do so here rather than recommend dismissal.

### III.  CONCLUSION

The court grants Sanders the opportunity to file an amended complaint that resolves the pleading issues identified in this order by the end of the day on January 16, 2019. In the event that Sanders does not file an amended complaint, the court will consider

the complaint in the form it currently takes under the § 1915(e)(2)(B)(i-iii) screening standard.

IT IS SO ORDERED.

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

December 16, 2019
Date