IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

TIANA M. SANDERS,                      )
                                       )
     Plaintiff,                        )
                                       )
v.                                     )    No. 19-cv-02831-TLP-tmp
                                       )
FEDEX EXPRESS CORPORATION,             )
                                       )
     Defendant.                        )
_____

REPORT AND RECOMMENDATION
_____

Before the court is *pro se* plaintiff Tiana M. Sanders's

amended complaint against FedEx Express Corporation.[1] (ECF No. 9.)

As Sanders is proceeding *in forma pauperis*, the amended complaint

falls within the screening requirement of 28 U.S.C. § 1915. For

the reasons set forth herein, the court recommends that certain

claims in Sanders's complaint be dismissed pursuant to § 1915.

I.    PROPOSED FINDINGS OF FACT

Plaintiff Tiana M. Sanders initially filed a Title VII action

against FedEx Express Corporation and four individual defendants:

Joseph R. Slager, Rachael L. Kirkpatrick, Christi C. Free, and

Patrick H. Whalen. (ECF No. 1 at 2.) Sanders's amended complaint

_____

[1]Pursuant to Administrative Order No. 2013-05, this case has been
referred to the United States magistrate judge for management and
for all pretrial matters for determination or report and
recommendation, as appropriate.

names only FedEx Express Corporation as a defendant. (ECF No. 9 at

1.) Using a form provided by the Clerk's office to assist *pro se*

litigants asserting employment discrimination claims, Sanders

originally checked boxes alleging termination of her employment,

failure to promote, unequal terms and conditions of her employment,

and retaliation. (ECF No. 1 at 4.) Sanders alleged that FedEx

discriminated her based on her race, color, and gender/sex. (Id.)

Sanders's amended complaint did not use the standardized form for

*pro se* employment discrimination claims. (ECF No. 9.)

According to the amended complaint, Sanders worked for FedEx

as a ramp agent for at least five years. (Id. at 3, 18.) In December

2018, Sanders compiled an application packet to a management

program with FedEx, referred to as an "AIM packet" throughout the

amended complaint. (Id. at 2.) Sanders had several FedEx managers

review her AIM packet for completeness before submitting it. (Id.)

Each of the managers told Sanders her AIM packet was correct. (Id.)

When Sanders submitted her application, however, two hiring

managers told her the AIM packet was "incorrect or incomplete."

(Id.) Sanders had two human resources representatives review her

AIM packet, and neither found anything wrong. (Id.) Yet, Sanders's

application was "still getting rejected." (Id.)

According to Sanders, the other four applicants for the

managerial position included three black males and one black

female. (Id. at 3.) Both of the female applicants were found to be

ineligible. (Id.) Sanders writes in her amended complaint as
follows: "Just because the hiring manager is a woman does not mean
that I can not be discriminated against [by] another woman. Just
because [the hiring manager] is a female and black. Does not mean
that she can not discriminate against our OWN kind." (Id.) Sanders
notes that a black male obtained the managerial position for which
she applied. (Id.)

A great deal of Sanders's amended complaint details incidents
at work that resulted in Sanders receiving warning letters from
FedEx. For instance, Sanders states that she received a warning
letter for dropping a can. (Id. at 3-4.) Sanders asserts that four
other employees who also dropped cans were not similarly
reprimanded. (Id. at 4.) On April 9, 2019, Sanders complained to
corporate of discrimination based on her race and gender because
the other four employees who dropped cans, three black males and
one white female, did not receive warning letters. (Id. at 6.) On
another occasion, Sanders received a warning letter for taking
breaks at the wrong time. (Id.) According to Sanders, she was the
only employee who had scheduled breaks while the other ramp agents
could freely choose when to take breaks. (Id.)

Sanders alleges that FedEx retaliated against her after she
complained of discrimination based on her race and gender/sex.
(Id. at 14.) According to Sanders, "[i]t is a well known fact at
FedEx that if you [get] a warning letter that the company will

-3-

soon try to retaliate or get rid of you." (Id.) Sanders was fired

on June 26, 2019. (Id. at 15.) According to Sanders, several

employers were reluctant to subsequently hire Sanders once they

learned FedEx terminated her employment. (Id. at 15-16.)

## II.   PROPOSED CONCLUSIONS OF LAW

### A.   Section 1915 Screening

Pursuant to § 1915, in proceedings in forma pauperis, the

court shall dismiss the case at any time if it determines that the

action is frivolous or malicious, fails to state a claim upon which

relief may be granted, or seeks monetary relief against a defendant

who is immune from such relief. 28 U.S.C. § 1915(e)(2). "In

determining whether a complaint fails to state a claim, the court

must construe the complaint in a light most favorable to the

plaintiff, accept all the factual allegations as true, and

determine whether the plaintiff undoubtedly can prove no set of

facts in support of his claims that would entitle him to relief."

Ford v. Martin, 49 F. App'x 584, 585-86 (6th Cir. 2002) (citing

Lewis v. ACB Bus. Servs., Inc., 135 F.3d 389, 405 (6th Cir. 1998)).

"To avoid dismissal, a complaint must contain sufficient factual

matter, accepted as true, to state a claim to relief that is

plausible on its face." Barnett v. Luttrell, 414 F. App'x 784, 786

(6th Cir. 2011) (internal quotation marks omitted). "A claim is

plausible on its face if the 'plaintiff pleads factual content

that allows the court to draw the reasonable inference that the

-4-

defendant is liable for the misconduct alleged.'" Ctr. for Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 369 (6th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). While the court must view the factual allegations in the light most favorable to the plaintiff, the court need not "accept as true legal conclusions or unwarranted factual inferences, and [c]onclusory allegations or legal conclusions masquerading as factual allegations will not suffice." In re Travel Agent Comm'n Antitrust Litig., 583 F.3d 896, 903 (6th Cir. 2009) (internal quotation marks omitted).

While courts liberally construe *pro se* arguments, even *pro se* complaints must satisfy the plausibility standard. Barnett, 414 F. App'x at 786; see also Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir. 1996) ("[T]he lenient treatment generally accorded to pro se litigants has limits."). "The basic pleading essentials are not abrogated in pro se cases." Matthews, 2014 WL 3049906, at *3 (citing Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989)). "Courts 'have no obligation to act as counsel or paralegal' to pro se litigants." Id. (quoting Pliler v. Ford, 542 U.S. 225, 231 (2004)). "Courts are also not 'required to create' a pro se litigant's claim for him." Id. (quoting Payne v. Sec'y of Treasury, 73 F. App'x 836, 837 (6th Cir. 2003)).

B.    Title VII Claims Against Individual Defendants

As a preliminary matter, it is unclear whether Sanders seeks to assert Title VII claims against the four individuals named as defendants in her original complaint (Joseph R. Slager, Rachael L. Kirkpatrick, Christi C. Free, and Patrick H. Whalen). To the extent that Sanders intended to do so, the amended complaint fails to state a claim against them because Title VII "limit[s] liability to the employer." Wathen v. Gen. Elec. Co., 115 F.3d 400, 404 n.6 (6th Cir. 1997); see also Han v. Univ. of Dayton, 541 F. App'x 622, 629 (6th Cir. 2013) ("Title VII does not allow for liability on the part of any person or entity other than Plaintiff's 'employer.'"). "[A]n individual employee/supervisor, who does not otherwise qualify as an 'employer,' may not be held personally liable under Title VII." Colston v. Cleveland Pub. Library, 522 F. App'x 332, 336 (6th Cir. 2013) (quoting Wathen, 115 F.3d at 405-06). "[A]n 'employer' does not include the 'supervisors,' 'managers,' or 'co-workers' of a plaintiff." Han, 541 F. App'x at 629 (quoting Wathen, 115 F.3d at 404). Accordingly, even if the individual defendants named by Sanders played a supervisory or managerial role in the events underlying the amended complaint, Sanders could not state a claim against them under Title VII.

### III. RECOMMENDATION

Based on the foregoing analysis, the court recommends dismissing the complaint pursuant to § 1915(e)(2) against any

individual defendants. By separate order, the undersigned has authorized issuance of service of process against FedEx.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

March 4, 2020
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**