# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| TIANA M. SANDERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 2:19-cv-02831-TLP-tmp |
| v. | ) |
| | ) |
| FEDEX EXPRESS CORP., et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Tiana M. Sanders sued pro se alleging that Defendant FedEx Express Corp. ("FedEx") and four individual Defendants—Joseph R. Slager, Rachael L. Kirkpatrick, Christi C. Free, Patrick H. Whalen—violated her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000el7 ("Title VII").[1] (ECF No. 1.)

Under Administrative Order 2013–05, the case was referred to the Magistrate Court for management and either to determine or to submit a report and recommendation on pretrial matters. The Magistrate Judge issued a Report and Recommendation ("R&R") recommending that the Court dismiss Plaintiff's claim against the four individual Defendants.[2] (*See* ECF No. 10.)

---

[1] Plaintiff later amended her complaint. (*See* ECF No. 9.) But, in her amended complaint, she focuses her allegations as brought exclusively against FedEx. (*See id.*)

[2] The Magistrate Judge separately ordered that the Clerk issue process for FedEx. (*See* ECF No. 11.)

For the reasons below, the Court **ADOPTS** the R&R in whole and **DISMISSES WITH PREJUDICE** Plaintiff's claims against the four individual Defendants.

I. **The R&R**

The Magistrate Judge first noted that "it is unclear whether Sanders seeks to assert Title VII claims against the four individuals named as defendants in her original complaint (Joseph R. Slager, Rachael L. Kirkpatrick, Christi C. Free, and Patrick H. Whalen)." (ECF No. 10 at PageID 100.) But, "[t]o the extent that [Plaintiff] intended to do so, the amended complaint fails to state a claim against them because Title VII 'limit[s] liability to the employer.'" (*Id.*) (quoting *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 404 n.6 (6th Cir. 1997)).

As the Magistrate Court noted, "'an individual employee/supervisor, who does not otherwise qualify as an 'employer,' may not be held personally liable under Title VII.'" (*Id.*) (quoting *Colston v. Cleveland Pub. Library*, 522 F. App'x 332, 336 (6th Cir. 2013)). And "'an "employer" does not include the "supervisors," "managers," or "co-workers" of a plaintiff.'" (*Id.*) (quoting *Han v. Univ. of Dayton*, 541 F. App'x 622, 629 (6th Cir. 2013)).

As a result, the Magistrate Judge found that, "even if the individual defendants named by [Plaintiff] played a supervisory or managerial role in the events underlying the amended complaint, [Plaintiff] could not state a claim against them under Title VII." (*Id.*)

II. **Disposition**

Under Federal Rule of Civil Procedure 72(b)(2), "[w]ithin 14 days of being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). But no party objected to the R&R, and the time for filing objections has expired. *See* Fed. R. Civ. P. 5(b)(2), 6(d), 72(b)(2). "When no timely objection is filed, the court need only satisfy itself that there is no

clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee notes.

Having reviewed the R&R and the entire record here, the Court finds no clear error and **ADOPTS** the R&R in whole. Thus, the Court **DISMISSES WITH PREJUDICE** Plaintiff's claim against the four individual Defendants— Joseph R. Slager, Rachael L. Kirkpatrick, Christi C. Free, and Patrick H. Whalen.

**SO ORDERED**, this 3rd day of April, 2020.

        s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE