# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| TIANA M. SANDERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:19-cv-02831-TLP-tmp |
| v. ) | |
| ) | |
| FEDEX EXPRESS CORP., ) | |
| ) | |
| Defendant. ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Pro Se Plaintiff, Tiana M. Sanders, sued Defendant, FedEx Express Corp. ("FedEx"), under Title VII of the Civil Rights Act of 1964.[1] (ECF No. 1.) Under Administrative Order 2013–05, the Court referred this case to Chief Magistrate Judge Tu Pham ("Chief Judge Pham") for management of all pretrial matters.

After evaluating Defendant's motion (ECF No. 30), and its accompanying filings (ECF Nos. 31 & 32), Judge Pham issued a Report and Recommendation ("R&R")—recommending this Court grant Defendant's motion for summary judgment.[2] (ECF No. 34.) Plaintiff did not object to the R&R, and the time to do so has expired.

---

[1] Plaintiff's initial complaint also named multiple individual defendants, but this Court later dismissed Plaintiff's claims against those individuals. (*See* ECF No. 13.) In her amended complaint, Plaintiff focuses her claims on Defendant FedEx. (ECF No. 9.)

[2] Plaintiff failed to respond to Defendant's motion for summary judgment, even after Chief Judge Pham ordered her to show cause. (ECF No. 33.)

And after reviewing Judge Pham's R&R, along with Defendant's motion and the record, this Court **ADOPTS** the R&R and **GRANTS** Defendant's motion for summary judgment (ECF No. 30).

## THE REPORT AND RECOMMENDATION

Chief Judge Pham began the R&R by outlining his proposed findings of fact. (*Id.* at PageID 356.) In that section, Chief Judge Pham thoroughly summarized Plaintiff's workplace history with Defendant, including her previous disciplinary write-ups. (*Id.* at PageID 356–61.)[3]

Chief Judge Pham next recited the standards for summary judgment and evaluated each of Plaintiff's claims. (*Id.* at PageID 362–75.) In doing so, he reviewed how courts should address summary judgment motions, detailed the standards for assessing Title VII discrimination and retaliation claims, and outlined Plaintiff's burden for proving those claims. (*Id.*)

Lastly, Chief Judge Pham applied these legal standards to the facts of the case. In that process, Chief Judge Pham made several findings, each supported by the record. Starting with Plaintiff's discrimination claim, Chief Judge Pham found that Defendant "FedEx has articulated a legitimate non-discriminatory reason for their actions: [Plaintiff's] continuous performance related issues and [Defendant] FedEx's stated policy that employment may be terminated after three Warning Letters within a twelve-month period." (*Id.* at PageID 369.) Likewise, on her failure to promote claim, Chief Judge Pham noted that Plaintiff "has not produced any evidence to create a genuine issue of material fact regarding her qualifications for the position or that other candidates outside of her protected class were treated more favorably." (*Id.* at PageID 372.)

---

[3] Chief Judge Pham took these facts exclusively from Defendant's statement of undisputed material facts. (*See id.*) Because Plaintiff did not respond to Defendant's motion, or its associated statement of facts, the facts are "undisputed for purposes of summary judgment." (*Id.*)

Finally, as to her retaliation claim, Chief Judge Pham determined that Plaintiff "has not created a triable issue of material fact over whether FedEx's legitimate, non-discriminatory reasons for demoting and firing her are merely pretext." (*Id.* at PageID 374.)

After addressing each of Plaintiff's claims, Chief Judge Pham recommended that this Court grant Defendant's summary judgment motion. (*Id.* at PageID 375.)

### DISPOSITION

Under Federal Rule of Civil Procedure 72(b)(2) "within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). If a party objects, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). But when neither party objects, the district court need only review the record for "clear error." Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendments.

Neither party objected to the R&R here, and the time to do so has passed. And, having reviewed the record and the R&R, this Court finds no clear error. In fact, after evaluating the R&R, the motion for summary judgment, the record, and the relevant case law, the Court agrees with Chief Judge Pham's R&R. As a result, the Court **ADOPTS** the R&R in full and **GRANTS** Defendant's motion for summary judgement.

**SO ORDERED**, this 11th day of May, 2022.

    s/ Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE